NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ORTIZ-BASILIO,<br><br>      Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>      Respondent. | No.   19-71840<br><br>Agency No. A091-533-541<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Juan Ortiz-Basilio, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010).  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny the petition for review.

The BIA did not abuse its discretion in denying Ortiz-Basilio's motion to reopen to reassess his eligibility for cancellation of removal on the ground that the new evidence was not likely to change the result in his case.  *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (stating that petitioners who seek to reopen proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

Ortiz-Basilio's contentions that the agency violated his right to due process fail.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The agency did not abuse its discretion in denying Ortiz-Basilio's motion to reopen and terminate removal proceedings where his challenge to the agency's jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting the contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**